■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT F. CARL, Appellant, v J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court, entered in Washington County on July 8, 1975, which dismissed a writ of habeas corpus, after a hearing. Petitioner was sentenced on August 3, 1970 to a four-year reformatory term. Subsequent to his parole on February 18, 1972, he was, on September 9, 1972, declared delinquent. After his return to the facility on September 22, 1972, he was credited with certain days of jail time. On March 4, 1973, petitioner escaped from a correction department facility. After his capture on October 31, 1973, petitioner pleaded guilty and was sentenced, for escape in the second degree, to an indeterminate term of three years. He also was credited with a certain number of days' jail time. On May 5, 1975, the August 3, 1970 sentence was vacated and petitioner was sentenced to an indeterminate term with a maximum period of four years with credit for the time already served. On May 23, 1975 petitioner applied to the Supreme Court for a writ of habeas corpus. After a hearing, the petition was dismissed. From that judgment, the petitioner appeals herein. Petitioner alleges that the respondent failed to correctly compute his conditional release date by failing to credit his escape sentence with four months and 13 days of good behavior time earned under a prior burglary sentence. Under the statutes in effect in 1970, when the petitioner was originally sentenced, there was no provision for a good-time allowance. The fact that the 1970 sentence was vacated and petitioner was resentenced in 1975 has no effect because he was not entitled to good behavior allowance under the vacated reformatory sentence (Penal Law, § 70.30, subd 5). Petitioner's effort to apply section 803 of the Correction Law to a crime committed on May 22, 1970 or to the resentence for the crime committed on May 22, 1970, violates the specific mandates of the section. Section 10 of chapter 653 of the Laws of 1974 provides in part: "the provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter". The effective date of this act was July 31, 1974, six days after the expiration of the petitioner's original four-year reformatory sentence. The court notes that the petitioner has been on conditional release since August 27, 1975. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.